David E. Gevertz
(*Pro Hac Vice* Pending)
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
3414 Peachtree Road, N.E., Suite 1500
Atlanta, GA 30326
T: 404.221.6512
dgevertz@bakerdonelson.com
Attorney for Plaintiff

Aaron B. Millar, Bar No. 12368
MILLAR LEGAL
5200 S. Highland Dr. Suite 300
Salt Lake City, Utah 84117
(801) 424-5280
aaron@millarlegal.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
NORTHERN DIVISION**

| | |
|---|---|
| **NORAX SUPPLEMENTS LLC,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**JULIE SU,** in her official capacity as Acting Secretary of the United States Department of Labor,<br><br>**EVAN NORDBY,** in his official capacity as an Administrative Law Judge of the United States Department of Labor,<br><br>**UNITED STATES DEPARTMENT OF LABOR,**<br><br>*and*<br><br>**THE OFFICE OF ADMINISTRATIVE LAW JUDGES OF THE UNITED STATES DEPARTMENT OF LABOR,**<br><br>    **Defendants.** | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

### **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

COMES NOW Plaintiff Norax Supplements, LLC ("Plaintiff") and shows this Court as follows:

### **INTRODUCTION**

1. Plaintiff brings this action for declaratory relief under 28 U.S.C. §§ 2201-02 to enjoin Defendants from conducting the unconstitutional administrative proceedings currently

pending against Plaintiff in the United States Department of Labor ("DOL") Office of Administrative Law Judges ("OALJ") before Administrative Law Judge Evan Nordby ("ALJ Nordby"). See *Devan Slade v. Norax LLC d/b/a Somafina Nutraceutical Builders*, 2024-FDA-00020 (the "Administrative Proceedings").[1]

2. The Administrative Proceedings involve claims against Plaintiff by former employee Devan Slade ("Slade") for compensatory damages and other relief under the employee protection provisions of the Food Safety Modernization Act, 21 U.S.C. § 399d ("FSMA"), and the Consumer Product Safety Improvement Act, 15 U.S.C. § 2087 ("CPSIA").

3. An evidentiary hearing on the merits of Slade's claims is scheduled for February 6, 2025. The hearing will be conducted by ALJ Nordby without a jury, subject to review by the DOL's Administrative Review Board ("ARB") and potential further review by Acting Secretary of Labor Julie Su ("Acting Secretary Su").

4. The DOL, the OALJ, Secretary Su, and ALJ Nordby should be enjoined from continuing the unconstitutional Administrative Proceedings.

5. The Administrative Proceedings arise out of an employment dispute between Plaintiff and Slade. Plaintiff acquired UST MFG, LLC ("UST") in November 2023. At the time of this acquisition, Slade was employed by UST. Shortly after the acquisition, Slade attempted to extort Plaintiff for a promotion and raise, claiming it was in Plaintiff's "best interest" to grant him these benefits in light of unspecified, but purportedly damaging, information he held about UST. Instead, Plaintiff terminated Slade's employment on December 5, 2023. On February 8, 2024,

---

[1] Norax Supplements, LLC is incorrectly identified in the Administrative Proceedings as "Norax LLC."

Slade filed a complaint with the DOL Occupational Safety and Health Administration ("OSHA") alleging that his termination was a retaliatory action in violation of the FSMA and CPSIA and requesting reinstatement and compensation for missed pay and benefits. See Ex. 1, February 8, 2024 Complaint (the "Slade Complaint.")

6. Plaintiff emphatically denies the allegations in the Slade Complaint. However, Plaintiff does not ask this Court to weigh Slade's accusations. Rather, Plaintiff asks this Court to enjoin the Administrative Proceedings, which are an unconstitutional violation of Plaintiff's Seventh Amendment right a jury trial.

7. In *Sec. & Exch. Comm'n v. Jarkesy*, 144 S. Ct. 2117, 2127-28 (2024), the United States Supreme Court held that administrative adjudications of private rights violate the Seventh Amendment right to a jury trial in cases which are "legal in nature." Here, Slade's claims are legal in nature because they are close analogs to a common law claim of wrongful discharge and seek compensatory damages, a quintessential legal remedy. The Administrative Proceedings thus violate Plaintiff's Seventh Amendment right to a jury trial.

8. To prevent Plaintiff from suffering the acute and irreparable injury of undergoing an unconstitutional agency proceeding, this Court should preliminarily enjoin the Administrative Proceedings, declare further proceedings unlawful, instruct ALJ Nordby to dismiss the case, and grant other relief as this Court deems necessary or proper.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. The claims against Defendants arise under the United States Constitution as applied to federal statutes, the FSMA, and the CPSIA, and seek relief against officers of the United States.

In *Axon Enterprise, Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 195 (2023), the United States Supreme Court held that statutory review schemes analogous to those under the FSMA and the CPSIA do not divest United States District Courts of their federal question jurisdiction under § 1331 to review claims that an agency enforcement proceeding violates the Constitution.

10. This Court has the authority to grant injunctive and declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, as well as its inherent equitable powers.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(B). The individual Defendants are acting in their official capacity as officers of an agency of the United States, and the federal agencies exercise authority in this District. A substantial part of the events giving rise to Plaintiff's claims occurred within this District. Slade was employed by Plaintiff in its Layton, Utah, manufacturing facility, located within this District. The pertinent facts and events at issue in the Administrative Proceedings took place in this District. Finally, ALJ Nordby has scheduled the multi-day evidentiary hearing on the merits of Slade's claims to take place in Salt Lake City, Utah, located within this District.

**PARTIES**

12. Plaintiff Norax Supplements, LLC is a Georgia limited liability company with its principal place of business located in Utah.

13. Defendant Julie Su is the Acting Secretary of Labor. She is statutorily responsible for investigating and adjudicating complaints filed under the employee protection provisions of the FSMA and CPSIA. Acting Secretary Su is named in her official capacity as Acting Secretary of Labor.

14. Defendant Evan Nordby is the Administrative Law Judge presiding over *Devan Slade v. Norax LLC d/b/a Somafina Nutraceutical Builders,* 2024-FDA-00020. ALJ Nordby is named in his official capacity.

15. The United States Department of Labor is an agency of the federal government headquartered in Washington, D.C., which is statutorily tasked with, among other duties, investigating and adjudicating complaints filed pursuant to the FSMA and CPSIA, 21 U.S.C. § 399d and 15 U.S.C. § 2087, respectively.

16. The United States Department of Labor Office of Administrative Law Judges is the administrative tribunal for the United States Department of Labor which is responsible for adjudicating complaints filed pursuant to the FSMA and CPSIA.

## BACKGROUND

### I. Devan Slade's Employment with Plaintiff.

17. Plaintiff is a leading contract manufacturer of dietary supplements with multiple facilities across Utah. Plaintiff manufactures various nutritional products and offers its customers numerous services, including formulation and product development, production, and packaging.

18. In November 2023, Plaintiff acquired Defendant Slade's then-employer, UST MFG, LLC.

19. At the time Plaintiff acquired UST, Slade held the title of Vice President of Regulatory. In this role, Slade was chiefly tasked with working with Plaintiff's predecessor's clients and stakeholders to ensure the safety and efficacy of the products manufactured by Plaintiff's predecessor. This role also required Slade to lead government, supplier, and customer audits and develop test protocols and reports.

20. At or around the time Plaintiff acquired UST, Plaintiff learned of multiple investigations by UST's Human Resource Department into Slade's unprofessional engagement with his former superiors, colleagues, and subordinates.

21. Thereafter, during a conversation with Plaintiff's Chief Executive Officer, Slade asserted that it was in the CEO's "best interest" to provide him with a promotion and raise in light of some unspecified, but purportedly damaging, information Slade held regarding UST and its past practices. Alarmed by what it perceived as Slade's attempt at extortion, and aware of Slade's tumultuous employment history, Plaintiff terminated Slade's employment on December 5, 2023.

22. On February 8, 2024, Slade filed a complaint with OSHA alleging that Plaintiff terminated his employment in retaliation for reporting an alleged problem with the labeling of a product that Plaintiff shipped shortly before Slade's termination. Ex. 1.

**II. The Administrative Proceedings.**

23. While Slade's complaint only alleged violation of the FSMA, Plaintiff was later notified that it was being investigated for alleged violations of both the FSMA and CPSIA. Ex. 1; see also Ex. 2, February 22, 2024 Respondent Notification Letter.

24. Enacted in 2011, the FSMA provides whistleblower protection for employees of entities engaged in the manufacture, processing, packaging, transportation, distribution, reception, holding, or importation of food that is subject to the Food, Drug, and Cosmetic Act ("FDCA"). 21 U.S.C. § 399d.

25. Enacted in 2008, the CPSIA provides whistleblower protection for employees of entities who are engaged in the manufacture, private labeling, distribution, or retail of consumer products. 15 U.S.C. § 2087.

26. In accordance with the FSMA, CPSIA, and their implementing regulations, an OSHA regional investigator investigated the allegations in the Slade Complaint.

27. Thereafter, on June 3, 2024, the Deputy Regional Administrator for OSHA's Denver Region issued Acting Secretary Su's finding that there was "no reasonable cause to believe [Plaintiff] violated" the FSMA or CPSIA. See Ex. 3, Secretary's June 3, 2024 Findings.

28. The following day, on June 4, 2024, Slade, through counsel, objected to Acting Secretary Su's findings and requested a *de novo* hearing before the OALJ pursuant to 21 U.S.C. § 399d, 15 U.S.C. § 2087, and their implementing regulations.

29. On June 5, 2024, Chief Administrative Law Judge Stephen Henley issued a Notice of Docketing informing the parties that the Administrative Proceedings had been docketed and would be assigned to an ALJ. See Ex. 4, June 5, 2024 Notice of Docketing.

30. On July 17, 2024, ALJ Nordby issued a Notice of Hearing and Pre-Hearing Order in the Administrative Proceedings informing the parties that the "case has been assigned to [him] for all purposes." Pursuant to this Order, a multi-day hearing on the Administrative Proceedings is scheduled for February 25, 2025. See Ex. 5, July 17, 2024 Notice of Hearing and Pre-Hearing Order.

**III.  The Unconstitutionality of the Administrative Proceedings.**

31. The Administrative Proceedings violate Plaintiff's Seventh Amendment right to a jury trial.

32. "Congress cannot eliminate a party's Seventh Amendment right to a jury trial merely by relabeling the cause of action to which it attaches and placing exclusive jurisdiction in an administrative agency . . . ." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 61 (1989).

8

33. After the Supreme Court's holding in *Sec. & Exch. Comm'n v. Jarkesy*, 144 S. Ct. 2117, 2127-28 (2024), claims like those made by Slade against Plaintiff—which seek backpay and other compensatory damages and sound in law rather than equity—entitle Plaintiff to a trial by jury. The "remedy" Slade seeks, as well as the common-law nature of the causes of action he raises, are "legal in nature" and thus "implicate[ ]" Plaintiff's Seventh Amendment rights." *Id.* at 2130.

34. The FSMA and the CPSIA do not afford Plaintiff the right to a jury in the Administrative Proceedings. Instead, findings of fact will be made by ALJ Nordby, subject only to deferential review by the Tenth Circuit Court of Appeals. The Administrative Proceedings thus violate the Seventh Amendment and should be preliminarily enjoined because their adjudication would deprive Plaintiff of its sacred constitutional right to have legal claims and damages tried to a jury.

35. The United States Supreme Court and Tenth Circuit Court of Appeals have firmly established that the deprivation of a constitutional right constitutes an irreparable injury. See *Elrod v. Burns,* 427 U.S. 347, 373 (1976); *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 806 (10th Cir. 2019) ("What makes an injury 'irreparable' is the inadequacy of, and the difficulty of calculating, a monetary remedy after a full trial. Any deprivation of any constitutional right fits that bill.") (citations omitted).

36. Pursuant to *Axon Enterprise, Inc.*, this Court should rule on Plaintiff's constitutional challenges to the Agency Proceedings by enjoining the same in order to prevent the acute "here-and-now" injuries to Plaintiff that "cannot be undone" through review before a Circuit Court of Appeals. 598 U.S. at 195.

## CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF PLAINTIFF'S SEVENTH AMENDMENT RIGHTS
### (AGAINST ALL DEFENDANTS)

37. Plaintiff realleges and incorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

38. The Seventh Amendment to the United States Constitution provides that "[i]n [s]uits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any court of the United States, than according to the rules of the common law." U.S. CONST. amend. VII.

39. The value in controversy in the Administrative Proceedings exceeds twenty dollars. See Ex. 1.

40. The Seventh Amendment protects the jury's role "as a fact-finding body" and entitles parties "to have a jury properly determine the question of liability and the extent of injury by assessment of damages." *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935).

41. It is well settled that "maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 501 (1959).

42. In *Jarkesy*, the United States Supreme Court made it clear that "[t]he Seventh Amendment extends to a particular statutory claim if the claim is 'legal in nature.'" 144 S. Ct. at 2127-28 (quoting *Granfinanciera, S. A. v. Nordberg*, 492 U.S. 33, 53 (1989)). Moreover, it held,

"[t]o determine whether a suit is legal in nature[,]" courts are "to consider the cause of action and the remedy it provides." *Id.* at 2129.

43. Slade's claims against Plaintiff are legal in nature because they are analogous to a common law claim for wrongful discharge. *See Schmidt v. Levi Strauss & Co.*, 621 F. Supp. 2d 796, 801-02 (N.D. Cal. March 28, 2008).

44. Slade's claims against Plaintiff are legal in nature because Slade seeks compensatory damages, which the Supreme Court has labeled "the classic form of legal relief." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993).

45. Slade's claims against Plaintiff—which seek a personal award of money damages—do not fall within the narrow "public rights" exception to the Seventh Amendment right to a jury trial. *Jarkesy*, 144 S. Ct. at 2131-34.

46. Plaintiff therefore has a right to have a jury decide whether it is liable to Slade and the extent of any damages to which Slade may be entitled.

47. Accordingly, ALJ Nordby's adjudication of Slade's claims violates Plaintiff's Seventh Amendment right to a trial by jury, constitutes an irreparable injury to Plaintiff, and should therefore be preliminarily enjoined.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby requests that the Court order the following relief and enter a judgment:

1. Declaring that the Administrative Proceedings against Plaintiff unconstitutionally deprive Plaintiff of its Seventh Amendment right to a trial by jury in an Article III court;

11

2. Preliminarily enjoining Defendants from subjecting Plaintiff to unconstitutional administrative proceedings pending the final resolution of this action;

3. Awarding Plaintiff its costs and expenses incurred in bringing this action, including but not limited to its reasonable attorney's fees; and

4. Awarding Plaintiff such other and further relief, whether at law or in equity, as it deems just and proper.

Respectfully submitted this 16th day of September, 2024.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

/s/ David E. Gevertz
David E. Gevertz
*(Pro Hac Vice Pending)*
Hannah E. Jarrells
*(Pro Hac Vice Pending)*
Gavin Childers
*(Pro Hac Vice Pending)*
3414 Peachtree Rd NE, Suite 1500
Atlanta, GA 30326
Tel: (404) 221-6512
dgevertz@bakerdonelson.com
hjarrells@bakerdonelson.com
gchilders@bakerdonelson.com

Counsel for Plaintiff
