Ex. 1

February 8, 2024 Devon Slade Original Complaint to OSHA



11576 S State St, Suite 1102
Draper, UT 84020
(801) 280-0000

Thursday, February 08, 2024

Sent via e-mail and regular mail

Utah Occupational Safety and Health Administration
160 E Broadway #3, Salt Lake City, UT 84111
(801) 530-6901

Dear OSHA Investigator,

      My name is Kit Erickson. I am an attorney with Raposa Law. I have been hired by Mr. Devan Slade to assist him in remedying his improper termination from his job with Somafina, which is a dietary supplement manufacturing company, which also operates under the name Norax Supplements and does business in the State of Utah as UST Mfg., LLC. I am writing to request that you conduct an investigation of Mr. Slade's claims under 21 U.S.C. § 301 *et seq.*

## Mr. Slade is Protected Under the Food Safety Modernization Act

      The Food Safety Modernization Act ("FSMA") protects employees from discharge or other retaliation by their employers for making complaints about food safety or other violations of the Federal Food, Drug and Cosmetic Act ("FD&C Act") 21 U.S.C. § 399. Section 402 of the FSMA states that: "No entity engaged in the manufacture, processing, packing, transporting, distribution, reception, holding, or importation of food may discharge an employee or other discriminate against an employee with respect to compensation, terms, conditions, or privileges of employment because the employee, whether at the employee's initiative or in the ordinary course of duties (or any person acting pursuant to a request of the employee) provided, caused to be provided, or is about to provide or cause to be provided to the employer, the Federal Government, or the attorney general of a State information relating to any violation of or any

act or omission the employee reasonably believes to be a violation of any provision of this Act or any order, rule, regulation, standard, or ban under this Act, or any order, rule, regulation, standard, or ban under this Act;"

In short, because Somafina is a manufacturer, processor, and packager of food, they are not allowed to retaliate against employees that report to the company violations of the FSMA or the FD&C Act.

## Somafina is a Covered Entity

FSMA applies to any entity engaged in the manufacture, processing, packing, transporting, distribution, reception, holding, or importation of food. The Food and Drug Administration ("FDA") has defined some of these terms in other contexts, such as in the regulations pertaining to the FDA's registration requirements for food facilities. *See e.g.* 21 C.F.R. §§ 1.227, 1.328. This section of the C.F.R affords the following definitions:

> "Manufacturing" or "processing" means making food from one or more ingredients, or synthesizing, preparing, treating, modifying, or manipulating food, including food crops or ingredients.

> "Packing" means placing food into a container other than packaging the food. Packing includes activities performed for the safe or effective packing or re-packing of that food, such as sorting, culling, grading, and weighing or conveying incidental to packing or re-packing. "Packaging" means placing food into a container that directly contacts the food and that the consumer receives.

> "Food" means anything used for food, or drink for people or animals, chewing gum, or any component or ingredient of those things. This definition includes items that are commonly though of as food, such as apples, lettuce, pizza, and cereal, as well as products like dietary supplements, beverages, infant formula, animal feed, and live food animals.

Somafina is a company that manufactures, packages, and distributes food, in the form of dietary supplements. As an entity that manufactures dietary supplements, Somafina is an entity subject to the FD&C Act and the FSMA.

## Mr. Slade Engaged in a Protected Activity

Mr. Slade was employed in the role of Vice-President of quality and regulatory affairs. Mr. Slade was employed previously with UST Manufacturing, which was acquired by Somafina/Norax Supplements in November 2023. Mr. Slade was employed with UST Manufacturing for approximately 6.5 years, prior to the company's acquisition by Somafina. Part

of Mr. Slade's duties, as the Vice-President of quality and regulatory affairs, was to inform the CEO of the company about manufacturing and product defects, so that the company can take steps to resolve any problems discovered.

On or about November 27, 2023, Mr. Slade contacted John Niemi, the CEO of Somafina, to inform him of a potential quality issue with a recent product delivery. It was not only appropriate for Mr. Slade to inform Mr. Niemi of the problem, it is specifically in Mr. Slade's job description that he do so. During the course of the conversation, Mr. Niemi asked Mr. Slade to not produce any written notification of the quality control problem, so that Mr. Niemi could have "plausible deniability" if the problem were to later result in governmental action or civil litigation against the companies. Mr. Slade expressed his discomfort with Mr. Niemi's request, because the request to not have a written record appeared to show an intention to affect a cover up of the mislabeled product.

### The Week After Mr. Slade Advised Mr. Niemi About the Quality Problem, He Had a Completely Separate, Unrelated Conversation With Mr. Niemi

On Monday, December 4, 2023, Mr. Slade, had a separate conversation with Mr. Niemi, completely unrelated to any other conversation. In that conversation, he advocated for the promotion of one of Mr. Slade's subordinate employees, in order to keep that employee from leaving the company, because of her valuable contributions to Mr. Slade's department. The employee in question had recently been offered a position with another company with better employment terms and Mr. Slade was trying to retain her as an employee for Somafina. As part of that conversation, Mr. Slade also advocated for his own promotion, based upon his tenure and the fact that he recently successfully completed two governmental oversight audits, with no findings of any deficiencies. At no time in that conversation did Mr. Slade state or imply that either of the requested promotions were being demanded in order to secure his compliance with Mr. Niemi's request to not provide any written notice of the quality problems reported by Mr. Slade to Mr. Niemi.

### Mr. Slade was Wrongfully Terminated Based Upon His Protected Activity

On December 5, 2023 Mr. Slade was advised verbally and in writing of his termination. The termination letter stated that Mr. Slade was "perceived to be attempting to blackmail Norax into promoting you in exchange for your silence respecting an unspecified UST regulatory concern or violation". There are multiple problems with the stated grounds for termination. First, the regulatory concern and violation was not unspecified, Mr. Slade was very specific with Mr. Niemi about his concern and reported the concern to Mr. Niemi as part of his normal

course of duty. Second, Mr. Slade did not offer to keep silent about the reported problem, he was told, by Mr. Niemi, to avoid any written disclosure of the reported problem, so that Mr. Niemi could have "plausible deniability". The only person that ever suggested maintaining any sort of silence was Mr. Niemi. Third, Mr. Slade's request for a promotion for himself, which came in a separate conversation, was appropriate, given his tenure and recent successful completion of two quality inspections by an outside governmental entity. His request for a promotion for his subordinate employee was also appropriate, given her value to the company and the fact that she was considering leaving the company because of a recent offer of employment with better terms for her.

### Prior to His Protected Activity, Mr. Slade Was Not in Danger of Losing His Job

Mr. Slade's job with UST Mfg and Somafina was to oversee quality management, as the vice-president of quality and regulatory affairs. The ultimate test of Mr. Slade's effectiveness in that position is when the company is subjected to governmental audits and inspections. Shortly before Mr. Slade was terminated, he successfully saw the companies through two governmental oversight audits, which resulted in no findings of any deficiencies from Mr. Slade's direct responsibilities of oversight.

On November 20, 2023, CEO John Niemi sent out a company wide announcement notifying the company of his staff, which included Mr. Slade as reporting directly to Mr. Niemi, only two weeks before Mr. Slade was terminated. The abrupt change in the company's position indicates that the firing was retaliatory and that the company's given reason for terminating Mr. Slade were pretextual.

### Somafina Later Claimed Other Bases for the Termination, Which are Pretextual

When Mr. Slade was terminated, only one reason was listed in his termination letter. The company claimed that he was being terminated because he was perceived to be attempting to blackmail Norax into promoting him in exchange for his silence respecting an unspecified UST regulatory concern or violation. After Mr. Slade was terminated from Somafina, he sought the help of outside legal counsel in negotiating resolution with Somafina. When an attorney wrote to Somafina and expressed the concerns stated above, the attorney for Somafina replied with a letter in which he asserted several alternate causes for Mr. Slade's termination including allegations that:

1. In 2021 UST demoted Mr. Slade for substandard performance.
2. Mr. Slade threatened a customer with imprisonment.
3. UST's HR manager alleged that Mr. Slade threatened to sue and defame UST if he lost his job.

4. In April 2022 UST's HR manager recommended that Mr. Slade be fired, which was approved by the board.
5. Mr. Slade engaged with sexual relation with a coworker, while at work.
6. Mr. Slade made a complaint that there was an error in the accounting of his 401(k) account and requested that an audit be conducted to find what was causing the errors.
7. Mr. Slade's position was made duplicative by the recent merger of UST and Norax Supplements.

### The Timing of the Termination Shows that the Protected Activity was not Only a Contributing Factor, it Was the Primary Reason For Mr. Slade's Termination

Mr. Slade denies the allegations that he did anything improper in his employment. Mr. Slade was not demoted in 2021, his job duties were changed at that time and as part of the change, he was given a $10,000 per year raise, which does not appear to be a demotion. Mr. Slade did not ever threaten a customer with imprisonment and it defies credulity that Mr. Slade would not have been immediately terminated if he had actually done that. Mr. Slade certainly never engaged in sexual relations with a co-worker and was never notified of any allegation that any person had ever made that allegation, until the letter from Somafina attempting to justify his termination was received.

To the extent that Norax claims that he was supposed to be fired in 2022, Mr. Slade can only state that if that were so, nobody said anything of the sort to him and he was not terminated. Mr. Slade was not given any notice either in writing or verbally of any dissatisfaction with his job performance prior to his termination in December 2023. The notice of termination that was given to Mr. Slade said nothing about any of the seven factors listed above. None of those were suggested until Mr. Slade retained outside counsel to interact with Norax Supplements. The inconsistency of Norax's claims and the timing of Mr. Slade's termination show that Mr. Slade's termination was retaliatory and the false allegations made about him after the fact are pretextual and not supported by any evidence.

### Please Conduct an Investigation

Mr. Slade hereby requests that you conduct an investigation of his claim of retaliation under the procedures contained in 29 CFR Part 1987. Mr. Slade seeks reinstatement to his previous position, with compensation for missed pay and benefits. Please send notice of your investigation and the results of your investigation to Mr. Slade, through my office, at the address listed on the first page of this letter.

Sincerely,

Kit Erickson
Raposa Law