Ex. 2

February 22, 2024 Respondent Notification Letter

**U.S. Department of Labor**  Occupational Safety and Health Administration
Denver Regional Office
César E. Chávez Memorial Building
1244 Speer Boulevard, Suite 551
Denver, CO 80204



Via Email: *sales@ustcorp.com*

February 22, 2024

UST Corporation (Somafina)
c/o Human Resources
855 McCormick Way
Layton, UT 84041

Complainant(s):   Devan Slade
Respondent(s):    UST Corporation (Somafina)
Case Number:      301031039

Regulation/Statute:
- FDA Food Safety Modernization Act (FSMA), 21 U.S.C. § 399d/29 CFR 1987;
- Consumer Product Safety Improvement Act (CPSIA), 15 U.S.C. § 2087/29 CFR 1983

Dear Human Resources:

We hereby serve you notice that a complaint has been filed on February 8, 2024, with this office by the above-named Complainant(s). The complaint alleges retaliatory employment practices in violation of the above-named statute(s). A copy of the complaint is enclosed.

We would appreciate receiving from you within **20 days** a full and complete written account of the facts and a statement of your position with respect to the allegation that you have retaliated against Complainant in violation of the Act. Please note it is important that you submit a full and detailed account of what happened involving the named complainant(s), including their job safety/health activities, and the events leading up to and including the adverse action(s), that precipitated this complaint. You should include any documentation (records, notes, etc.) and affidavits relevant to this matter. Affidavits of non-management employees must be voluntarily given by such employees. This information may serve to help achieve early resolution of this matter. Voluntary adjustment of this complaint can be affected by way of a settlement agreement at any time during the investigative process.

Under these procedures, OSHA will disclose to the parties information relevant to the resolution of the case as well as provide all parties an opportunity to fully respond. As such, both you and Complainant will receive a copy of each other's submissions to OSHA that are responsive to the above-referenced whistleblower complaint. *Per Presidential Memorandum – Managing Government Records,* **we request that any future documents you submit to OSHA be submitted electronically,** *if possible, using the investigator's email address below and that whatever you submit to OSHA, you also send a copy to Complainant at the address below:*

Devan Slade
11576 S. State St – Suite 1102
Draper, UT 84020
kit@raposalaw.com

If the information provided contains private, personally identifiable information about individuals other than the complainant, such information, where appropriate, **should be redacted before disclosure**. OSHA may contact the party directly for the unredacted copy, if necessary.

If investigation provides this agency with reasonable cause to believe that the Act has been violated and reinstatement of the complaint is warranted, you will again be contacted prior to the issuance of findings and a preliminary order, at which time you will be advised of the substance of the relevant evidence supporting the Complainant's allegations, and you will be given the opportunity to submit a written response, to meet with the investigator and to present statements from rebuttal witnesses. Your rebuttal evidence must be presented within ten business days of this agency's notification described in this paragraph.

The Occupational Safety and Health Administration (OSHA) is responsible for enforcing the whistleblower provisions of the FSMA and will conduct its investigation following the procedures outlined in the FDA Food Safety Modernization Act (FSMA), 21 U.S.C. § 399d/29 CFR 1987; Consumer Product Safety Improvement Act (CPSIA), 15 U.S.C. § 2087/29 CFR 1983. You may obtain a copy of the pertinent statute and regulations at http://www.whistleblowers.gov. Upon request, a printed copy of these materials will be mailed to you.

Attention is called to your right and the right of any party to be represented by counsel or other representative in this matter. In the event you choose to have a representative appear on your behalf, please have your representative complete the Designation of Representative form enclosed and return it to this office promptly. All communications and submissions should be made to the investigator assigned.

Your cooperation with this office is invited so that all facts of the case may be considered. Voluntary adjustment of complaints can be affected by way of a settlement agreement at any time through the assigned investigator or through OSHA's Alternative Dispute Resolution (ADR) mediation process. **(See Attachments)**

Investigator Assigned: Karisma Love
U.S. Department of Labor- OSHA
1244 Speer Blvd, Suite 551
Denver, CO 80204
Phone: 720-264-6570
Email: love.karisma@dol.gov

Thank you for your cooperation.

Sincerely,

*Shawn Vollrath*

Shawn Vollrath
Regional Supervisory Investigator

Enclosures: Copy of the Complaint
Designation of Representative Form
ADR Fact Sheet & Request Form

V09132023

<u>Via Email:</u> *sales@ustcorp.com*

February 22, 2024

UST Corporation (Somafina)
c/o Human Resources
855 McCormick Way
Layton, UT 84041

Dear Human Resources:

My name is Lisa Armstrong, Alternative Dispute Resolution (ADR) Coordinator, for OSHA Region VIII. ADR is an approach to resolve whistleblower complaints by means other than the sometimes long, costly, and unpredictable investigative and litigation process. To give you a sense of how long, costly, and unpredictable investigations or litigation can be, you are encouraged to view our many press releases at www.whistleblowers.gov/news_page.html.

OSHA offers a voluntary ADR program known as "early resolution." Early resolution is a process in which the parties attempt to negotiate a settlement with the assistance of the ADR Coordinator, a neutral OSHA whistleblower expert who is not the investigator assigned to the case and is not involved in OSHA's decision-making on the merits of the case. To assist the ADR process, the investigation (including any deadlines for the parties to submit responses) will be stayed pending the outcome of the early resolution process.

<u>How it Works</u>
The ADR Coordinator normally discusses early resolution with each party privately over the phone. The ADR Coordinator will first solicit an initial settlement offer from the Complainant and then convey it to the Respondent. The Respondent can then accept, reject, or counteroffer. If a counteroffer is made, the ADR Coordinator will convey it to the Complainant, who can then accept, reject, or counter. This process will continue until either a settlement or impasse is reached between the parties. If an impasse is reached, the ADR Coordinator will return the case to the investigator, who will begin the investigative process.

During the early resolution process, the ADR Coordinator may not offer an opinion on the merits of the complaint or the amount of damages being mediated. However, the ADR Coordinator may suggest how the parties might reach an agreement and may give the parties an objective perspective on the strengths and weaknesses of their positions.

The ADR Coordinator may share documents between the parties during the early resolution process at the parties' request, but those documents will not be shared with the investigative unit or any other individual not involved in ADR.

The parties are welcome to discuss resolution privately through direct communication or through private mediation at the expense of the parties. In addition, the ADR Coordinator can offer to hold a day-long "facilitated discussion" between both parties, similar to mediation, at OSHA Region VIII's offices in Denver, Colorado, provided the parties pay their own expense. If you'd like more information on these options, please contact me at the information provided below.

<u>Ground Rules</u>

There are a few basic ground rules for ADR:

· Voluntary. Early Resolution is a voluntary process. Both parties must agree to pursue the early resolution process as an alternative to an investigation. Either party may choose to terminate the process and return the case to investigation for any reason. Agreeing or not agreeing to participate in early resolution will not affect the

parties' right to receive a full and fair investigation if early resolution does not resolve the case.

· Good Faith. "Good faith" participation means that the parties engage in the process with openness towards resolving the whistleblower complaint and treat each other, the process, and any third party with respect. Parties should come to the process fully prepared to discuss the resolution of the whistleblower complaint and must have full authority to settle the case.

· Neutrality. The ADR Coordinator has no decision-making authority and does not represent either party. The ADR Coordinator may give the parties an objective perspective on the strengths and weaknesses of their positions; however, he/she may not offer judgment on the merits of the case.

· Confidentiality. The ADR Coordinator will not disclose statements made and/or documents submitted during the early resolution process, including any settlement offers made, to any individual outside of the ADR process. The ADR Coordinator will not discuss the merits of the complaint or the content of early resolution discussions with OSHA's investigative staff. The ADR Coordinator may only communicate the outcome of the early resolution process. Moreover, the ADR case file will be segregated from the whistleblower investigative case file and generally exempt from disclosure under Freedom of Information Act (FOIA) Exemption 3, in compliance with the Alternative Dispute Resolution Act (ADRC), 5 U.S.C. §571 *et. seq.* However, the parties and/or their representatives are permitted to retain their own notes. All of the parties involved in an early resolution proceeding, including the ADR Coordinator, are not permitted to disclose, and cannot be required to disclose through discovery or compulsory process any communication that is part of the early resolution process, unless an exception listed under 5 U.S.C. § 574 applies, or if required by another law.

· Settlement. Any settlement agreement reached must be approved by OSHA. OSHA therefore requests that the parties share any "draft" agreement with OSHA before signing it. Approved settlement agreements reached in the early resolution process must be retained in the investigative case file. Settlements are not dispute resolution communications that are confidential under the ADRA. Settlements are also subject to FOIA, including possible protection from disclosure under FOIA Exemption 4 and the Executive Order 12600 process.

ADR Request Form
**If you are interested in the early resolution process and haven't already done so, please sign, date, and return the attached "ADR Request Form" to Lisa Armstrong at armstrong.lisa@dol.gov or FAX (720) 264-6585.** By submitting the form, it does not mean that you are agreeing to a settlement. Rather, it means that you are open to the idea of exploring whether a settlement can be reached in this matter, as discussed above. The ADR process cannot start between the parties without this signed form.

If you have any questions, please contact me at (720) 264-6561. Thank you.

**Lisa Armstrong** | Alternative Dispute Resolution Coordinator
U.S. Department of Labor | Region VIII Whistleblower Protection Program
Occupational Safety and Health Administration
1244 Speer Blvd., Suite 551, Denver, CO 80204
p. (720) 264-6561 | m. (303) 476-1031| f. (720) 264-6461
armstrong.lisa@dol.gov | www.whistleblowers.gov

## REQUEST FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)

### 301031039 UST Corporation (Somafina) - Slade

OSHA's ADR Program is a voluntary program that allows the parties to resolve a whistleblower retaliation complaint outside of the investigative process. In ADR, the parties attempt to negotiate a settlement with the help of a neutral OSHA facilitator who is not involved in the investigation of the complaint. While ADR is ongoing, the investigation will be put on hold.

Communications during ADR are kept confidential, to the extent permitted by law, except that the neutral OSHA facilitator may share ADR communications with Department of Labor (DOL) officials when it is necessary for administrative and supervisory purposes, or to seek legal or policy guidance on novel or complex questions that arise during the ADR proceeding. However, the neutral OSHA facilitator will not share ADR communications with any DOL official who will be involved in any further investigations or proceedings related to the whistleblower complaint if a settlement is not reached through ADR. Additionally, if a settlement is not reached through ADR, the parties may share any of their own communications made during the ADR proceeding with the OSHA Investigator.

If the parties decline to pursue ADR, or if they pursue ADR but fail to reach a settlement, the Investigator identified in the opening letter will proceed with an investigation. *However, the parties, with or without the assistance of the Investigator, may still enter into a settlement agreement at any time during OSHA's investigation. Settlement agreements of whistleblower retaliation complaints reached through ADR or during OSHA's investigation must be submitted to OSHA for its review and approval prior to signing.*

If you are interested in participating in ADR, please complete and return this form as soon as possible. You may email the form to armstrong.lisa@dol.gov or FAX (720) 264-6585.

\_\_\_\_\_   I am interested in participating in the OSHA ADR Program.

---

Signature                                                                                   Date

---

Print Full Name                          Daytime Phone Number                          Email Address

| DESIGNATION of REPRESENTATIVE FORM |||
|---|---|---|
| PLEASE COMPLETE THE INFORMATION IN THE BOXES BELOW. USE BLUE OR BLACK INK. RETURN THIS FORM TO OSHA AS SOON AS POSSIBLE. |||
| <u>**301031039 UST Corporation (Somafina) - Slade**</u> |||
| **The designated representative named below will represent the party named below in this matter. Generally, OSHA will communicate with and send any correspondence to the designated representative. Additionally, the designated representative agrees to accept service of any subpoena on behalf of the party.** |||
| **Party's Name** (Type or print in the box below) || **Representative's Name** (Type or print in the box below) |
|  ||  |
| **Signature** (Sign below) || **Street Address or P.O. Box** (Type or print in the box below) |
|  ||  |
| **Date** (Type or print in the box below) || **City, State, ZIP** (Type or print in the box below) |
|  ||  |
| **Telephone** (Type or print in the box below) || **FAX** (Type or print in the box below) |
|  ||  |
| **E-mail Address (Type or print in the box below)** |||
|  |||