Ex. 3

Secretary's June 3, 2024 Findings

**U.S. Department of Labor**  Occupational Safety and Health Administration
Denver Regional Office
César E. Chávez Memorial Building
1244 Speer Boulevard, Suite 551
Denver, CO 80204



Email: devanslade33@gmail.com; kit@raposalaw.com

June 3, 2024

Devan Slade
c/o Kit Erickson
Raposa Law
11576 S. State Street, Suite 1102
Draper, UT 84020

RE: 301031039 Norax LLC d.b.a. Somafina Nutraceutical Builders - Slade

Dear Kit Erickson:

This is to advise you that our agency completed an investigation of the above-referenced complaint filed by you on behalf of your client, Devan Slade ("Complainant"), against Norax LLC d.b.a. Somafina Nutraceutical Builders ("Respondent"), on February 8, 2024, under the employee protection provisions of the FDA Food Safety Modernization Act (FSMA), 21 U.S.C. § 399d and the Consumer Product Safety Improvement Act (CPSIA), 15 U.S.C. § 2087. In brief, you alleged Respondent terminated your client's employment in retaliation for raising concerns to higher-level management about a potential quality issue with a product delivery.

Following an investigation of this matter by a duly authorized investigator, the Acting Secretary of Labor, acting through her agent, the Regional Administrator for the Occupational Safety and Health Administration (OSHA), Denver Region, finds there is no reasonable cause to believe Respondent violated the above statute and issues the following findings:

### Secretary's Findings

*Timeliness:*
On December 5, 2023, Respondent terminated Complainant because upper-level management perceived that Complainant attempted to blackmail Respondent into promoting him in exchange for his silence around alleged FSMA and CPSIA regulatory violations. On February 8, 2024, Complainant filed a complaint with the Secretary of Labor alleging Respondent discriminated against him in violation of the provisions of FSMA and CPSIA. As Complainant filed within 180 days of the alleged adverse action, the complaint is timely.

*Jurisdiction:*
Respondent is a food manufacturer within the meaning of 15 U.S.C. § 2087 and 21 U.S.C. § 399d(a). Complainant is an employee within the meaning of 15 U.S.C. § 2087 and 21 U.S.C. § 399d(a). Complainant and Respondent are covered under the provisions of FSMA and CPSIA.

*Investigative Findings:*
Complainant has requested that OSHA terminate its investigation and issue a determination. Based on the information gathered thus far in its investigation, OSHA was unable to conclude there was reasonable cause to believe that a violation of the statute occurred. Therefore, OSHA hereby dismisses the complaint.

*Objections:*
Respondent and Complainant have 30 days from the receipt of these Findings to file objections and to

request a hearing before an Administrative Law Judge (ALJ). If no objections are filed, these Findings will become final and not subject to court review. Objections must be filed in writing with:

Primary method - via email to: OALJ-Filings@dol.gov

Secondary method (if unable to file via email) - via hard copy submission to:

>Chief Administrative Law Judge
>Office of Administrative Law Judges
>U.S. Department of Labor
>800 K Street NW
>Washington, D.C. 20001-8002
>Phone: (202) 693-7300; Fax: (202) 693-7365

With copies to:

>Norax LLC d.b.a. Somafina Nutraceutical Builders
>c/o Hannah Jarrells
>Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., 3414 Peachtree Street NE - Suite 1500
>Atlanta, GA 30326
>Email: hjarrells@bakerdonelson.com
>Phone: (404) 221-6508

And:

>Jennifer S. Rous
>Regional Administrator, Denver Region
>U. S. Department of Labor – OSHA
>1244 Speer Blvd, Suite, 551
>Denver, CO 80204
>Phone: (720) 264-6565; Fax: (720) 264-6585

In addition, please be advised that the U.S. Department of Labor does not represent any party in the hearing; rather, each party presents his or her own case. The hearing is an adversarial proceeding before an Administrative Law Judge (ALJ) in which the parties are allowed an opportunity to present their evidence *de novo* for the record. The ALJ who conducts the hearing will issue a decision based on the evidence, arguments, and testimony presented by the parties. A review of the ALJ's decision may be sought from the Administrative Review Board (ARB), to which the Secretary of Labor has delegated responsibility for issuing final agency decisions under the FSMA. A copy of this letter has been sent to the Chief Administrative Law Judge along with a copy of your complaint. The rules and procedures for the handling of the FSMA cases can be found in the FDA Food Safety Modernization Act (FSMA), 21 U.S.C. § 399d/29 CFR 1987; Consumer Product Safety Improvement Act (CPSIA), 15 U.S.C. § 2087/29 CFR 1983, and may be obtained at www.whistleblowers.gov.

Sincerely,

STEVEN BIASI
Digitally signed by STEVEN BIASI
Date: 2024.06.03 14:01:35 -06'00'

Deputy Regional Administrator, Denver Region

*for* Jennifer S. Rous
Regional Administrator, Denver Region

cc:  Norax LLC d.b.a. Somafina Nutraceutical Builders (dgevertz@bakerdonelson.com; hjarrells@bakerdonelson.com)
Chief Administrative Law Judge, USDOL
Consumer Product Safety Commission
Food and Drug Administration