Ex. 5

July 17, 2024 Notice of Hearing and Pre-Hearing Order

# UNITED STATES DEPARTMENT OF LABOR
## OFFICE OF ADMINISTRATIVE LAW JUDGES
### San Francisco, California
_____

**Issue Date: 17 July 2024**

**OALJ Case No.:**     2024-FDA-000020

*In the Matter of:*

**DEVAN SLADE,**
     *Complainant,*

     *v.*

**NORAX, LLC**
**dba SOMAFINA NUTRACEUTICAL BUILDERS,**
     *Respondent.*


## NOTICE OF HEARING AND PRE-HEARING ORDER


### NOTICE OF HEARING

**NOTICE**:  A hearing has been scheduled under the employee protection provisions of Section 402 of the FDA Food Safety Modernization Act ("FSMA"), 21 U.S.C. § 399d, and the implementing regulations at 29 CFR part 1987.  This case has been assigned to me for all purposes.

**HEARING DATE AND LOCATION**:  This case has been scheduled for hearing on **Tuesday, February 25, 2025**, beginning at 9:30 a.m. (Pacific time) and continuing day-to-day, excepting weekends and holidays, or on additional days to be determined as needed, at a location to be determined in Salt Lake City, Utah or by videoconference using Microsoft Teams.

**PRE-HEARING CONFERENCE DATE**:  A telephonic pre-hearing conference under 29 C.F.R. § 18.44 will be held on **February 6, 2025**, at **10:00 am. Pacific time**.  The parties are directed to dial into my conference line at (866) 565-7417 and enter Participant Code 75725621# at the designated time.

**APPEARANCES**:  Each representative must file a notice of appearance, 29 C.F.R. § 18.22, by the eFile/eServe system ("EFS") available at https://efile.dol.gov/, or, if necessary, by e-mail at OALJSanFrancisco@dol.gov.

**PRE-HEARING ORDER**

I. **GENERAL RULES**

  A. **NOTICE**: Proceedings will be conducted in accordance with the rules of practice and procedure for administrative hearings before the Office of Administrative Law Judges, codified at 29 C.F.R. Part 18, subpart A.  Formal rules of evidence will not apply, but rules or principles designed to assure production of the most probative evidence will be applied. 29 C.F.R. § 1987.107(d).  The ALJ may exclude evidence that is immaterial, irrelevant, or unduly repetitious.  *Id.*

  B. **CONTINUANCES FOR PRIOR COMMITMENTS**: A motion for a continuance due to a previously noticed judicial proceeding or other scheduling conflict must be filed within 14 days of this notice.  The parties must meet and confer prior to filing a request for continuance.

  C. **ELECTRONIC FILING**:  The parties must file all documents electronically by using the eFile/eServe system ("EFS") available at https://efile.dol.gov/, or, if necessary, by e-mail at OALJSanFrancisco@dol.gov.  Once the document is filed electronically, do not send the original document unless requested by the judge.  The parties must serve all requests on each other electronically at the email addresses provided.  Any information or request you send to this tribunal must also be sent to the other party with proof that you sent it them.  29 C.F.R. § 18.30(a)(3).  No action will be taken on any request that does not include proof that it was sent to the opposing party.

  D. **INTERPRETERS OR TRANSLATION SERVICES**: As soon as possible, but no later than 30 days before the hearing, the parties must provide written notice of whether an interpreter or other translation services will be needed at the hearing.  Parties may provide their own interpreter or request that one be provided by the Department of Labor.

  E. **TELEPHONIC TESTIMONY**: The parties must meet and confer regarding telephonic testimony and request permission in writing to have a witness testify by phone no later than the time of the prehearing conference.  The party calling the witness by telephone must make all necessary arrangements for the testimony, including providing a copy of the relevant exhibits to the witness for use during testimony.

  F. This Office does not supply any electronic equipment or devices necessary to view, play, or listen to any evidence or testimony.  If any party wishes to play CDs, DVDS, or use PowerPoint or other computer based programs for viewing evidence or argument, they must supply any equipment necessary to present the evidence or argument.

  G. **NOTICE OF PUBLIC HEARING**: Hearings before the Office of Administrative Law Judges are open to the public.  29 C.F.R. § 18.81.  Final agency decisions are posted on the agency website.  *See* 5 U.S.C. § 552(a)(2).

II. **DISCOVERY**:  Formal discovery may be conducted according to 29 C.F.R. Part 18 unless the Act, the implementing regulations or this pre-hearing order imposes a different requirement. *See generally* 29 C.F.R. §§ 18.50-18.57.  The ALJ has broad discretion to limit discovery in order to expedite the hearing.  29 C.F.R. § 1987.107(b).

A. Within 14 days of the date of this Order, the parties are ordered to make all disclosures required by 29 C.F.R. § 18.50(c) if they have not already done so.  The parties have a continuing duty to update disclosures pursuant to 29 C.F.R. § 18.53.

B. Within 14 days of the date of this Order, the parties shall hold a conference of the parties and develop a discovery plan pursuant to 29 C.F.R. § 18.50(b).

C. The parties must complete discovery, including serving expert witness reports or disclosures and all depositions of non-experts, as early as possible, but no later than the time for filing prehearing statements.  No post-hearing depositions of any witness or expert will be permitted absent extraordinary circumstances.

D. Expert witness reports and disclosures must comply with 29 C.F.R. § 18.50(c)(2) and be completed no later than the time for filing prehearing statements.  Expert depositions must be concluded no fewer than 20 days before the hearing, but the parties may agree to depose an expert up to the day before the hearing.

## III. PRE-HEARING REQUIREMENTS

A. **PRE-HEARING MOTIONS:** All pre-hearing motions must be filed pursuant to 29 C.F.R. § 18.33.  Even though at least one party is not represented by an attorney, the parties must first attempt to resolve any issue before filing any motion.  *See* 29 C.F.R. § 18.33(c)(3).  Any motion for summary decision must be filed no less than 30 days before the prehearing conference.  29 C.F.R. § 18.72(b).  Regarding motions for summary decision, any party filing a motion for summary decision shall include with its motion and evidence a set of "Proposed Findings of Fact and Conclusions of Law" in separate individually numbered paragraphs, one fact or conclusion per paragraph, setting forth the material facts as to which the moving party contends there is no genuine dispute. Any party who opposes the motion shall serve and file with the opposing papers a separate document containing a corresponding "Statement of Disputed Facts and Conclusions of Law" indicating each numbered fact or conclusion as to which it contends there exists a genuine dispute for trial. In determining the motion, I may assume that the material facts as claimed and supported by the moving party are admitted except to the extent that such material facts are (a) included in the "Statement of Disputed Facts and Conclusions of Law" and (b) disputed by competent evidence filed in opposition to the motion. In addition to filing, the parties shall submit any Proposed Findings of Fact and Conclusions of Law and Statement of Disputed Facts and Conclusions of Law to this Office by email in Microsoft Word format, and shall contact this Office to find out the correct email address to send the Word document as of the date of filing.

B. **DOCUMENTS TO BE FILED OR SERVED BEFORE THE HEARING**

1. **PRE-HEARING EXCHANGES**: The parties must serve the following materials on all other parties and on the presiding judge, at least 14 days before the prehearing conference.  The parties must hold a conference required by 29 C.F.R. § 18.80(b) prior to filing a prehearing statement in order to streamline the hearing process.

   a. **PRE-HEARING STATEMENT** that contains the information required by 29 C.F.R. § 18.80(c).  The pre-hearing statement must include a statement that the

conference required by 29 C.F.R. § 18.80(b) has been held. A joint pre-hearing statement is not required. *See* 29 C.F.R. § 18.80(d).

 b. **WITNESS LIST** that contains: (1) The name and address of each witness who will actually testify at the hearing with a precise (not general) statement of what the testimony will prove and an estimate of the time required for the direct examination of each witness; and (2) The names and address of each witness whose deposition will be offered, with a precise statement of what the testimony will prove.

 c. **EXHIBIT INDEX:** Each party must submit an Exhibit Index that describes each exhibit with a statement of precisely (not generally) what the exhibit proves. The parties must exchange copies of the evidence that will be offered at the hearing at least 14 days before the prehearing conference. The evidence should be in the same format as it will be offered at the hearing.

2. **EXHIBITS**: The parties must file exhibits seven days before the hearing, by using the eFile/eServe system ("EFS") available at https://efile.dol.gov/, or, if necessary, by e-mail at OALJSanFrancisco@dol.gov, all exhibits offered by that party, and one copy of any joint exhibits, as modified in their final meeting. The parties must file all documents electronically in a single bookmarked PDF or in PDF Package/Portfolio document format. Exhibits not filed with the presiding judge may be excluded at the hearing.

 (1) The Exhibit Index should be revised and duplicate exhibits removed after the parties meet pursuant to 29 C.F.R. § 18.80(b).
 (2) Each exhibit must be individually marked with a numbered or lettered tab and be sequentially numbered in the lower right corner.
 (3) If an exhibit is difficult to read or illegible, it must be accompanied by a legible or typed version otherwise the exhibit will be given no weight.
 (4) Submit deposition transcripts in condensed format with a word index.
 (5) A curriculum vitae or an equivalent qualifications summary for each expert witness must be submitted in the evidence. No oral testimony about the expert's qualifications will be permitted, absent a showing of special need.
 (6) Voluminous records, such as medical or financial records, that are submitted as evidence must include a written summary of what is included and the purpose for inclusion, as well as point to the specific page that supports the contention. If applicable, the documents should include summary totals of any amounts requested.

**IV. SETTLEMENT AGREEMENTS:** Any settlement between the parties must be submitted to the judge for approval in writing pursuant to 29 C.F.R. § 1987.111. The files maintained by this office, including settlement agreements, are subject to disclosure under the provisions of the Freedom of Information Act ("FOIA"), unless an exemption applies. 5 U.S.C. § 552.

**V. SETTLEMENT CONFERENCE**: If the parties agree that a settlement judge may help resolve the case, they may make a written request to the District Chief Judge asking for the appointment of a settlement judge. *See* 29 C.F.R. § 18.13.

**VI. SANCTIONS**: Unless good cause is shown, parties will not be permitted to litigate issues, call witnesses, or introduce evidence they failed to disclose at the times and in the way this order

requires.  Failure to comply fully with this Order subjects the offending party to sanctions.  *See generally* 29 C.F.R. §§ 18.12(b), 18.35(c), 18.50(d)(2)-(3), 18.52, 18.57, 18.87.

      **SO ORDERED**.

EVAN H. NORDBY
Administrative Law Judge

**SERVICE SHEET**

Case Name:  **SLADE_v_Norax_LLC_dba_**

Case Number: **2024FDA00020**

Document Title: **NOTICE OF HEARING AND PRE-HEARING ORDER**

I hereby certify that a copy of the above-referenced document was sent to the following this 17th day of July, 2024:

**JENNIFER M. CANO**
PARALEGAL SPECIALIST

Kit Erickson
kit@raposalaw.com
Raposa Law
11576 S State St
Suite 1102
DRAPER UT 84020
*{Electronic - Regular Email}*

Bayley Court Reporter
Bayley Reporting, Inc.
12945 Seminole Blvd., Bldg. 1
Suite 14
SEMINOLE FL 33778
*{Electronic - Regular Email}*

Hannah Jarrells
hjarrells@bakerdonelson.com
Baker Donelson
3414 Peachtree Rd NE Ste 1500
ATLANTA GA 30326
*{Electronic - Regular Email}*

Gavin Childers
gchilders@bakerdonelson.com
1160 Windsor Pkwy Unit 8
ATLANTA GA 30319
*{Electronic - Regular Email}*

David Gevertz
dgevertz@bakerdonelson.com
Baker, Donelson, Bearman, Caldwell & Berkowitz,
3414 Peachtree Road, NE, Ste 1500
ATLANTA GA 30326
*{Electronic - Regular Email}*